UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SOLIO FERNANDEZ
PETITIONER

v.

LUIS SPENCER
RESPONDENT

CIVIL ACTION
NO. 04-10589-DPW

## RESPONDENT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Luis Spencer, the respondent, submits this memorandum in support of his motion to dismiss, with prejudice, Solio Fernandez's habeas corpus petition. As grounds, the respondent states that the petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1). In light of the application of § 2244(d)(1), the respondent does not address the merits of the petition or raise his remaining defenses.[1]

## PRIOR PROCEEDINGS

On April 16, 1998, a Bristol County, Massachusetts, grand jury returned a three-count indictment charging the defendant with carjacking (Mass. G.L. c. 265, § 21A), robbery (Mass. G.L. c. 265, § 19(b)), and assault and battery (Mass. G.L. c. 265, § 13A) (No. BRCR 1998-00122). *See* Exhibits A, B.[2] The defendant was appointed counsel, and subsequently pled guilty to all charges on September 28, 1998 (Tierney, J., presiding). *See* Exhibit A. He was sentenced on December 4, 1998 to committed, concurrent state prison terms of ten to fifteen years for his carjacking and robbery

---

[1] Should the Court rule that the petition is not time-barred, the respondent respectfully requests thirty days from the date of receipt of this Court's order to answer the petition or file a supplemental memorandum addressing any additional affirmative defenses and the merits of the petition.

[2] Although the Bristol Superior Court docket sheets reflect that the petitioner was indicted for carjacking under G.L. c. 265, § 26, that statute criminalizes kidnapping. The indictment, however, reflects that the petitioner was charged with carjacking under the correct statute, G.L. c. 265, § 21A.

convictions (Tierney, J.). *See* Exhibit A. His assault and battery conviction was placed on file. *See* Exhibit A.

The petitioner filed his first pro se motion to withdraw his guilty plea and for a new trial on March 22, 1999. *See* Exhibits A, C. The plea judge denied it on March 30, 1999. *See* Exhibits A, C. Although the defendant filed a notice of appeal on April 8, 1999, he failed to take any additional steps to prosecute the appeal. *See* Exhibit A.

On October 11, 2002, the petitioner filed his pro se "Amended Motion to Withdraw Guilty Plea and a New Trial" and memorandum in support. *See* Exhibits A, D. The court (Connon, J.) declined to act on the motion on October 17, 2002 "as these motions were decided by Tierney, J on April 8, 1999." *See* Exhibit A. The petitioner moved for reconsideration of his motion on December 30, 2002. *See* Exhibit A. The court (Connon, J.) denied that motion on January 13, 2003. *See* Exhibit A. The petitioner then waited until December 4, 2003 -- nearly a year -- until moving unsuccessfully for leave to file a late notice of appeal (Chin, J.). *See* Exhibit A. He took no further action until March 26, 2004, when he filed the petition now before this Court.

## ARGUMENT

### THIS COURT SHOULD DISMISS THE HABEAS CORPUS PETITION BECAUSE IT IS TIME-BARRED AND BECAUSE NONE OF THE EXECPTIONS TO THE STATUTE OF LIMITATIONS APPLY.

"AEDPA, which became effective on April 24, 1996, fixes a one-year limitations period for federal habeas petitions filed by state prisoners." *David v. Hall*, 318 F.3d 343, 344 (1st Cir.), *cert. denied*, ___ U.S. ___, 124 S. Ct. 66 (2003). In the absence of a statutory exception,[3] "AEDPA's one-year limit runs from the time that the state court

---

[3] These exceptions exist in cases where the government impedes relief, the Supreme Court creates new constitutional rights, or newly discovered facts raise doubts about the conviction. *See* 28 U.S.C.

judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking it." *Id.* at 344 (citing 28 U.S.C. § 2244(d)(1)(A)). Excludable periods include "'[t]he time during which a properly filed application for State post-conviction or other collateral review is pending. . . .'" *Id.* (quoting 28 U.S.C. § 2244(d)(2)) (alterations in original).

Here, the petitioner's conviction became final when he pled guilty on September 28, 1998. *See Commonwealth v. Balliro*, 437 Mass. 163, 166, 769 N.E.2d 1258, 1261 (2002) ("An accepted guilty plea . . . is itself a conviction.").[4] On March 22, 1999, the petitioner, pro se, moved pursuant to Mass. R. Crim. P. 30 to withdraw his guilty plea on the grounds that it was not knowing, voluntary and intelligent because he did not understand its consequences. *See* Exhibit C. That motion was pending until March 30, 1999, when the plea judge denied it. Because he filed the motion within the one-year time period prescribed by § 2244(d)(1), the statute of limitations was tolled for eight days, between March 22 and March 30, 1999. *See* 28 U.S.C. § 2244(d)(2).

The petitioner filed his pro se amended motion to withdraw his guilty plea on October 11, 2002. *See* Exhibits A, D. Six days later, on October 17, 2002, the court (Connon, J.) declined to act on it.[5] *See* Exhibit A. The filing of this motion did not toll the statute because it was filed long after the governing one-year period had elapsed. 28 U.S.C. § 2244(d)(1); *see Duncan v. Walker*, 533 U.S. 167, 179 (2001) ("The 1-year

---

§ 2244(d)(1)(B)-(D).

[4] Massachusetts law does not provide for direct appellate review of a guilty plea, but a defendant may collaterally attack his plea by filing, in the trial court, a motion for a new trial pursuant to Mass. R. Crim. P. 30(b). *Commonwealth v. De La Zerda*, 416 Mass. 247, 250, 619 N.E.2d 617, 619 (1993).

[5] A judge's decision to decline to act on a motion is treated as a denial of the motion. *See Reddick v. Commonwealth*, 439 Mass. 1001, 1001, 785 N.E.2d 676, 677 (2003) (citations omitted).

limitation period of § 2244(d)(1) quite plainly serves the well-recognized interest in the finality of state court judgments.").

This Court docketed the habeas corpus petition on March 26, 2004. *See* Exhibit E. After accounting for the properly excludable eight-day period while the initial motion was pending, and even if one were to exclude the six days during which his amended motion was pending, the petitioner has exceeded the statute of limitations by well over four years.

Moreover, even if this Court were to exclude the 1,284-day period between the petitioner's filing of his notice of appeal from the denial of his first new trial motion, and the time when he abandoned his appeal by filing his amended new trial motion,[6] it should still dismiss the petition as time-barred. The petitioner waited from September 28, 1998, the date of his plea, until March 22, 1999, 175 days, to file his first new trial motion. *See* Exhibit A. The statute of limitations ran during this period. After the court denied it on March 30, 1999, he waited an additional nine days to file his notice of appeal. This too was countable under the statute.

Ultimately, the petitioner abandoned his appeal by filing his amended motion for a new trial on October 11, 2002. *See* Exhibit A. After the court denied that motion by declining to act on October 17, 2002, he waited until December 30, 2002, a period of seventy-four days, to move for reconsideration. *See* Exhibit A. After this motion was denied on January 13, 2003, he waited until December 4, 2003, 325 days, to file his

---

[6] This is a questionable proposition. *See* Mass. R. App. P. 3(a) ("Failure of an appellant to take any step other than the timely filing of a notice of appeal shall not affect the validity of the appeal, but shall be ground only for such action as the appellate court deems appropriate, which may include dismissal of the appeal.").

motion to file a late notice of appeal. *See* Exhibit A. Both of these delays counted under the statute of limitations.

The petitioner then waited from December 11, 2003, the date his motion to file a late notice of appeal was denied, until March 26, 2004, 106 days, to file the petition now before this Court. *See* Exhibits A, E. Thus, even if one were to exclude the 1,284 days from the filing of the notice of appeal to the filing of his amended new trial motion, the petitioner still waited 689 days to file his petition, a period well in excess of the one year provided by § 2244(d)(1).

Since there are no circumstances warranting the invocation of the exemptions to the statute of limitations – and indeed the petitioner himself is unable to cite to any – the petition must be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, this Court should dismiss the petition for habeas corpus relief with prejudice.

Respectfully submitted,

THOMAS F. REILLY
Attorney General

_____
Daniel I. Smulow, BBO # 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2949

Date: April 15, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on Solio Fernandez, pro se, M.C.I. Norfolk, Two Clark Street, P.O. Box 43, Norfolk, MA 02056, by first class mail, postage prepaid, on April 15, 2004.

*[signature]*
Daniel I. Smulow, BBO # 641668
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2949