UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION

SOLIO FERNANDEZ,
    PETITIONER

V.

LUIS SPENCER,
    RESPONDENT  : NO# 04-10589-DPW

<u>PETITIONERS MOTION IN OPPOSITION TO RESPONDENTS MOTION TO DISMISS WRIT OF HABEAS CORPUS AS TIME BARRED PURSUANT TO 28 U.S.C.§2244(d)(1).</u>

    Now comes the petitioner, and hereby submits for consideration his memorandum in support of his motion in opposition to the respondents motion to dismiss writ of habeas corpus as being time-barred pursuant to 28 U.S.C. §2244(d)(1). In addition the petitioner also requests that this court bar the respondents from filing any further affirmative defenses as to the merits of the petitioners writ of habeas corpus petition, as they should only be allowed to respond with one dispositive motion unless the writ of habeas corpus has been amended.

PRIOR PROCEEDINGS

    On April 16th, 1998, a Bristol County Massachusetts Grand Jury returned a three count indictment charging the petitioner with carjacking (M.G.L.c. 265 §21A), Robbery (M.G.L.c. 265 §19(b), and Assault and Battery (M.G.L.c. 265 §13A)(No.BRCR 1998-00122). The defendant was appointed Attorney Edward Kelly to represent him and was coerced by attorney Kelly to change his plea through a plea agreement and pled guilty to all charges on September 28th, 1998 (Tierney J., presiding).

MEMORANDUM OF LAW PAGE TWO

He was sentenced on December 4th, 1998 to concurrent state prison terms of ten to fifteen years for Carjacking and Robbery Convictions, and the Assault and Battery conviction was placed on file.

The petitioner filed his first pro se motion to withdraw his guilty plea and for a new trial on March 22nd, 1999. The plea judge denied the motion on or about March 30th, 1999. The defendant filed a notice of appeal on or about April 8th, 1999. The appeal was denied. On May 8th, 2000, the petitioner had a sentence appeal to the Appellate Divison of the Superior Court. On July 13th, 2000, that appeal was denied. See affidavit of Solio Fernandez attached hereto.

On October 11th, 2002, the petitioner filed his pro se "Amended motion to withdraw guilty plea and request for a new trial with a memorandum in support. The motion court (Connon. J.,) declined to act on the motion on October 17th, 2002. The petitioner moved for a reconsideration of his motion on December 30th, 2002. The court (Connon. J., ) denied that motion on January 13th, 2003. The petitioner then contacted CPCS for appointment of counsel. Thirty days later he received a reply denying him representation. The petitioner then contacted MCLS, who responded to the petitioner stating that they do not handle criminal cases. On or about February of 2003, the petitioner through his family retained Mr. Damond D. Ambrosio an attorney from the state of Rhode Island. Sixty days later Attorney Ambrosio , rejected the petitioners case and refunded his money. On June 23rd,

MEMORANDUM OF LAW PAGE THREE

2003, the petitioner contacted Attorney Rosemary Scapicchio, for representation. She requested $20,000.00 as a retainer. The Petitioner sent a reply letter stating that he could only raise $10,000.00 as a retainer and his brother could obtain an additional $5,000.00 after his pleadings were filed. The petitioner waited over 90 days and received no response from attorney Rosemary Scapicchio. See Exhibit A attached hereto. Not being able to obtain or afford competent representation. The petitioner on December 4th, 2003 submitted his motion for leave to file a late notice of appeal. On December 11th, 2003 his motion to file a late notice of appeal was denied. On January 28th, 2004 petitioner filed his pro se writ of habeas corpus pursuant to 28 U.S.C. §2254.

ARGUMENT

This court should not dismiss the habeas petition as it was timely filed within the one year statute of limitations as pursuant to the AEDPA.

"AEDPA, which became effective on April 24th, 1996, provides a one-year statute of limitations for federal habeas petitions to be filed by state prisoners." David v. Hall, 318 F.3d 343, 344 (1st.Cir.). In the absence of a statutory exception (28 U.S.C. §2244(d)(1)(B)-(D)), "AEDPA's one year limit runs from the time that the state court judgment of conviction became final by the conclusion of direct review and/or the exhaustion of all state remedies." See 28 U.S.C. §2254, and 28 U.S.C. §2244(d)(2). These periods of excludable

MEMORANDUM OF LAW PAGE FOUR

time includes "[t]he time during which a properly filed application for state post-conviction or <u>other</u> (emphysis added) collateral review is pending. This includes all attacks on the criminal conviction and challenges thereof.

Here the prisoners conviction became final, after all collateral attacks on his sentence where exhausted which was December 4th, 2003, which was the denial of his appeal on the denied amended motion to withdraw his guilty plea and request for a new trial. The one year statute of limitations tolled from December 5th, 2003 to December 3rd, 2004. The petitioner filed his federal writ of habeas corpus on January 28th, 2004. He still had 11 months to spear before the one year statute of limitations expired. Once the appeals court denied his appeal or the denial of his notice to appeal. It is at that time the one year filing limitation is tolled. As the respondents state in there motion to dismiss. This is a questionable proposition. Failure of an appellant to take any step other than the timely filing of a notice of appeal shall not affect the validity of the appeal, but shall be grounds only for such action as the appellate court deems appropriate, which may include dismissal of the appeal. MASS.R.APP.P.RULE 3(a). The benefit of doubt goes to the petitioner. In this instant case, the Appeals Court chose to deny the petitioners appeal. As a result the petitioner on December 4th, 2003 had exhausted all state remedies to challenge his convictions and the one year AEDPA statute of limitations had begun to toll on December 5th, 2003.

MEMORANDUM OF LAW PAGE FIVE

His habeas petition was filed on January 28th, 2004. Well before the expiration date of the AEDPA one year statute of limitations.

In <u>Carey v. Saffold</u>, 122 S.Ct. 2134 (2002). The Court holds that tolling provision of AEDPA excludes the time between denial of state post-conviction motion and appeal there from, even though technically nothing is pending while the defendants case is in between the appellate process in state court. See also <u>Lattimore</u>, 311 F.3d at 56. See also <u>Edwards v. Carpenter</u>, 529 U.S. 446 (2000). The petitioners writ of habeas corpus was timely filed.

## II. THE RESPONDENTS SHOULD BE PRECLUDED IN FILING ANY FURTHER DISPOSITIVE MOTIONS IN THIS ACTION.

The respondents in this case had filed their response to the petitioners writ ofd habeas corpus on April 15th, 2004. Their sole issue stipulated in there motion to dismiss is that they claim the petitioner's habeas corpus was filed late claiming that he filed 1,284 days late and the AEDPA one year statute of limitations ran out. The respondents made no other claims to dismiss the petitioners habe. The respondents could of incorporated all issues to dismiss his habeas corpus (e.g. failure to exhaust state remedies etc.,.) all at the same time in stead of filing several motions to dismiss for each issue. Any further issues should be deemed waived, and the respondents should not be allowed to take multiple bites of the same apple.

## CONCLUSION

For the reasons stated above in the aforementioned

MEMORANDUM OF LAW PAGE SIX

memorandum of law and attached affidavit of the petitioner the respondents motion to dismiss should be denied, and that any other further affirmative defenses the respondents may have be considered waived, and that this court deem the petitioners writ of habeas corpus timely filed.

                                           Respectfully Submitted
                                           By The Petitioner

                                           */s/ Solio Fernandez*
                                           Solio Fernandez  pro se
                                           MCI Norfolk
                                           P.O. Box 43
                                           Norfolk, Mass. 02056

Date: May 10th, 2004

## CERTIFICATE OF SERVICE

I, Solio Fernandez, hereby certify under the pains and penalties of perjury that a true copy of my opposition to respondents motion to dismiss has been served upon their attorney of record Mr. Daniel I. Smulow, Assistant Attorney General, Criminal Bureau, by mailing same postage prepaid first class mail to his address located at the office of Attorney General, One Ashburton Place, Boston, Massachusetts on this date.

Dated May 10th, 2004

_Solio E Fernandez_
Solio Fernandez