UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No.
04-10589-NMG

SOLIO FERNANDEZ

Petitioner

v.

LUIS SPENCER

Respondent

REPORT AND RECOMMENDATION
ON PETITION FOR WRIT OF HABEAS CORPUS

January 13, 2005

COHEN, M.J.

    This is a habeas case brought under the provisions of 28 U.S.C. § 2254(d).  At bottom, petitioner contends that his conviction, based on a plea of guilty, was and is invalid for want of effective assistance of counsel, and for a host of other reasons.  The respondent has moved to dismiss the petition for a writ of habeas corpus on the grounds that it is time-barred.  That motion, in turn, was referred to this court for report and recommendation consistent with the provisions of 28 U.S.C. § 636(b) and Rule 4(b) of the Rules for United States Magistrate Judges in the United States District Court for

the District of Massachusetts. For the reasons which follow, this court recommends that the Motion to Dismiss (# 03) be allowed, and the petition for a writ of habeas corpus be dismissed with prejudice.

I.      Procedural History

On April 16, 1998, a Bristol County, Massachusetts, grand jury returned a three count indictment charging the defendant with carjacking (Mass. G.L. c. 265, § 21A), robbery (Mass. G.L. c. 265, § 19(b)), and assault and battery (Mass. G.L. c. 265, § 13A) (No. BRCR 1998-00122). The defendant was appointed counsel, and subsequently pled guilty to all charges on September 28, 1998. He was sentenced on December 4, 1998, to committed, concurrent state prison terms of ten to fifteen years for his carjacking and robbery convictions.

On or about March 22, 1999, petitioner filed a motion to withdraw his guilty plea and for a new trial based on the grounds raised in the petition before this court. That motion was denied by the trial court on March 30, 1999. Petitioner filed a notice of appeal from the order denying his motion for a new trial, but that appeal was never perfected. Some two years and seven months later, on October 11, 2002, petitioner filed a pro se "Amended Motion to Withdraw Guilty Plea and a New Trial". That motion was denied by a justice of the Massachusetts Superior court on October 17, 2002.[1] More than two months later, on December 30, 2002, petitioner sought reconsideration

---

[1] That motion was presented to a judge who was not the judge who had accepted the plea. This new motion judge declined to act on the amended motion for the reason that the amended motion simply rehashed the issues raised in the original motion to withdraw his guilty pleas. Under Massachusetts law, when a motion judge declines to act on a motion for a new trial, that is the functional equivalent of a denial of the motion. See Reddick v. Commonwealth, 439 Mass. 1001, 1001, 785 N.E.2d 676, 677 (2003).

of the denial of his amended motion to withdraw his guilty plea.  That motion for reconsideration was denied on January 13, 2003.  Some even months later, on December 4, 2003, petitioner filed a motion for leave to file a late notice of appeal from the denial of his amended motion to withdraw his guilty pleas.  That motion was denied one week later on December 11, 2003.  His petition for a writ of habeas corpus was filed before this court on March 25, 2004.

II.     Timeliness of the Petition

Under the provisions of 28 U.S.C. § 2241(d)(1),[2] absent statutory or other tolling, a petitioner must file a petition for a writ of habeas corpus within one year from the date on which the judgment sought to be reviewed became final.  In this case, the judgment which petitioner collaterally attacks in this court was final on September 28, 1998 - the

---

[2]   Section 2244(d) provides:

§ 2244. Finality of determination

\* \* \* \* \*

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

date on which he entered his pleas of guilty.[3]  Accordingly, the limitations clock started on September 29, 1998, and, assuming no tolling, he was required to file his petition in this court on or before the close of business, September 28, 1999.  He filed his motion to withdraw his guilty pleas on March 22, 1999 - stopping the limitations clock.  By that time, 175 days had elapsed on the limitations clock.  That motion to withdraw the guilty pleas was denied on March 30, 1999.  Although he filed a notice of appeal on April 8, 1999, that appeal was never perfected, and he abandoned that appeal by filing a new amended motion to withdraw his guilty pleas on October 11, 2002.   Accordingly, the limitations clock resumed the count starting on April 10, 1999.[4]  It stopped again when petitioner filed his amended motion to withdraw his guilty pleas on October 11, 2002.

---

[3]     Under Massachusetts law, a plea of guilty constitutes the conviction - *i.e.*, the judgment of conviction. *Commonwealth v. Balliro*, 437 Mass. 163, 166, 769 N.E.2d 1258, 1261 (2002).

In the more typical habeas case, the rule is that a judgment does not become final until 90 days after the judgment is entered, giving the petitioner an additional 90 days within which to file a petition for a writ of certiorari with the Supreme Court of the United States (regardless of whether a petition has, in fact, been so filed). *E.g.*, *Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999); *Donovan v. State of Maine,* 276 F.3d 87, 90-91 (1st Cir. 2002).  That 90 day allotment, however, is clearly not applicable here.  That allotment assumes that a petition has a right to seek certiorari in the Supreme Court.  That, of course, is a given when a judgment has been entered by the state's highest court, since it is authorized by statute.  Section 1257 of Title 28 provides:

> (a) Final judgments or decrees rendered by the <u>highest court of a State</u> in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States. (Emphasis added).

There is no certiorari jurisdiction to review a guilty plea not otherwise reviewed by the state's highest court.  This court accordingly concludes that petitioner is not be awarded an additional 90 days beyond September 28, 1998, the date on which he entered his pleas and upon which he was convicted.

[4]     We use the April 10, 1999, date, since any appeal from a denial of a motion for a new trial or its equivalent must, under Massachusetts law, be filed within 10 days of the order denying that motion.

By that time, 1,386 days[5] had elapsed on the limitations clock.  That amended motion was denied on October 17, 2002, and a motion for reconsideration was denied on December 30, 2002.  Giving the petitioner the benefit of the doubt - *i.e.*, that the amended petition to withdraw the guilty pleas was "pending" through the date on which the motion for reconsideration was denied, the limitations clock again resumed on December 31, 2002.  Petitioner next took action on December 4, 2003, when he unsuccessfully sought leave to file a late notice of appeal from the denial of his amended motion to withdraw the guilty pleas.  All of that time from December 31, 2003, to and through December 4, 2003, however, is credited to the limitations clock, since, during that period of time, nothing was "pending" before the state courts within the meaning of 28 U.S.C. § 2244(d)(2).  And the filing and disposition of a motion for leave to file a notice of appeal late did not begin to toll the limitations period anew. And that is for two reasons: first, the motion for leave to file a notice of appeal late was not "properly" filed, since it was never filed before the only court authorized to entertain applications of that sort.  Under settled Massachusetts law, *e.g.*, *Kines v. Clerk of Superior Court for Criminal Business in Suffolk County*, 442 Mass. 1025, 814 N.E.2d 1079 (2004), and Rule 14(b), M.R.App. P., only the Massachusetts Appeals Court or a Single Justice of that Court has the authority to authorize the filing a late notice of appeal more than 60 days after judgment in the lower court.[6]  Secondly, even putting

---

[5]     106 days for the period September 28, 1998, to March 22, 1999, and 1,386 days from April 10, 1999, to October 22, 2002.

[6]     Petitioner filed his motion for leave to file a late notice of appeals before the Superior Court, and that court, per Chin, J., denied that motion.  Under the Massachusetts Rules of Appellate Procedure, an associate justice of the trial court does have limited powers to grant an extension of time to file a notice of appeal, but the rule
(continued...)

aside the fact that petitioner filed the motion in the wrong forum, established precedent indicates that a motion for leave to file a notice of appeal late is not a "...properly filed application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2). *E.g.*, *U.S. ex rel. Eddie Baines v. Briley*, 2001 WL 1195826 *3-4 (N.D. Ill. October 5, 2001); *U.S. ex rel. Arrieta v. Briley*, 2004 WL 407005 *2 (N.D.Ill. February 20, 2004). Accordingly, the period December 4, 2003, to and through March 26, 2004,[7] amounting to an additional 113 days, is also counted against the defendant, making a total of 1,499 days. This clearly exceeds the allotted 365 days permitted under Section 2244(d)(1), and the petition was accordingly filed out of time.

All of this, of course, is premised on the position urged by the respondent, and the assumption made by this court, that the timely filing of the notice of appeal from the denial of his <u>original</u> motion for a new trial did not serve to toll the statute of limitations *infinitum*. Respondent urges that petitioner, by filing his <u>amended</u> motion to withdraw his guilty pleas after having filed the earlier notice of appeal, abandoned that appeal, since the issues raised by the amended petitioner parroted those raised in the original petition. In this court's view, that is a valid - indeed, the only reasonable - assumption to be made. For one thing, even now, petitioner does not contend that he did not abandon that original appeal. For another, actions clearly speak louder than words,

---

[6] (...continued)
- *i.e.*, Rule 4(c), M.R.App.P. - only permits an extension of time for an additional 30 days. At the outset, assuming that petitioner had 30 days within which to file a notice of appeal from the denial of his amended motion to withdraw his guilty pleas, an associate justice could not extend the period for filing a notice of appeal beyond Friday, March 14, 2003. Petitioner did not file his motion to file a late notice of appeal until December 4, 2003, and, at that time, only the Massachusetts Appeals Court or a single justice thereof had the authority to entertain that motion.

[7] When the petition for a writ of habeas corpus was filed before this court.

and, given that petitioner has done nothing whatsoever to perfect that first notice of appeals after the passage of close to <u>six</u> years,[8] it is clear beyond peradventure that petitioner abandoned that first appeal, and the mere filing of that notice of appeal - as nothing more than a place holder - cannot be construed as indicating that his <u>original</u> motion to withdraw his pleas of guilty are still pending within the meaning of Section 2244(d)(2).[9]

III.     <u>Exhaustion of Available State Remedies</u>

Even if we are wrong in concluding that the filing of the first notice of appeal did not toll the statute of limitations *infinitum*, it is nevertheless clear that the petition must be dismissed on the grounds that the undisputed record shows that the petitioner has not properly exhausted any of the claims raised here before highest courts of the Commonwealth of Massachusetts.  To the extent that petitioner would seek review of the denial of his <u>original</u> motion to withdraw his guilty pleas, that claim was never presented beyond the trial court.  To the extent that petitioner would seek review of the denial of his <u>amended</u> motion to withdraw his guilty pleas, that matter likewise has never been presented to any appellate court.  And to the extent that petitioner would seek review (and he does not by the terms of the petition currently before this court) of the denial of his motion to file a late notice of appeal from the denial of the <u>amended</u>

---

[8]     The original notice of appeal was filed on April 8, <u>1999</u>. It is now January 13, <u>2005</u>, and petitioner has done nothing whatsoever to bring that appeal forward.

[9]     To put it another way, to hold otherwise, notwithstanding the limited holding in *Currie v. Matesanz*, 281 F.3d 261 (1st Cir. 2002) *vis a vis* the appellate procedures set forth under G.L. c. 278, § 33E (not applicable to this case), would totally eviscerate the statute of limitations under Section 2244(d)(1). That clearly cannot be the case since, if so, any prisoner bent on delaying habeas review could merely park a notice of appeal as a place holder, and do nothing further. Even the *Currie* court acknowledged that "...`a petitioner who is not actually in the legitimate process of appealing is not "attempting to exhaust state court remedies." ' " *Id.* at 270.

motion to withdraw his guilty pleas, that matter likewise has not been presented to any appellate court, since petitioner filed his motion for leave to file late before the Superior Court, and upon denial of that motion by the Superior Court, he did nothing further. In short, none of the claims presented (or which could be presented) in his petition for a writ of habeas corpus before this court have ever been presented to the highest courts of the Commonwealth of Massachusetts. The petition must, accordingly, be dismissed under the provisions of 28 U.S.C. § 2254(b)(1)(A).

IV.     Exhaustion of Available State Remedies

For the reasons set forth in Part II above, this court recommends[10] that the district judge to whom this case is assigned dismiss the petition for a writ of habeas corpus with prejudice for failure to timely file his petition as required by 28 U.S.C. § 2244(d)(1). Alternatively, this court recommends that the district judge to whom this case is assigned dismiss the petition for want of exhaustion.

_____
UNITED STATES MAGISTRATE JUDGE

---

[10] The parties are hereby advised that under the provisions of Rule 72(b) of the Federal Rules of Civil Procedure and Rule 2(b) of the Rules for United States Magistrate Judges in the United States District Court for the District of Massachusetts, any party who objects to these proposed findings and recommendations must file specific and written objections thereto with the Clerk of this Court within 10 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this rule shall preclude further appellate review. *See Keating* v. *Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States* v. *Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Park Motor Mart, Inc.* v. *Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *United States* v. *Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Scott* v. *Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *see also*, *Thomas* v. *Arn*, 474 U.S. 140, 106 S.Ct. 466 (1985).