UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION

SOLIO FRENANDEZ,
    PETITIONER

V.

LUIS SPENCER,
    RESPONDENT : NO. 04-10589-NMG

### PETITIONERS WRITTEN OBJECTION TO MAGISTRATES' REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS

Now comes the petitioner Solio Fernandez acting pro se in the above-entitled matter and pursuant to FED.R.CIV.P. RULE 72(b) and Rule 2(b) of the Rules for Magistrate Judges for the United States District Court hereby submits for consideration his written objection to the magistrates' report and recommendation on petition for writ of habeas corpus.

### PROCEDURAL HISTORY

The petitioner incorporates and realleges fully Justice Cohen's M.J., procedural history as accurate and factual.

### ARGUMENT

A petition is timely filed, if filed within one year from the final judgment, disposition or decree rendered by the highest court of the state in which the petitioner was convicted in after the exhaustion of all state remedies, which challenge the conviction and sentence of the petitioner. 28 U.S.C. §2254 & 28 U.S.C. §2244(d) and (d)(2). The limitations clock starts from the final adjudication of state post conviction or other collateral review which is pertinent judgment or claim upon his conviction. 28 U.S.C. §2244(d)(1)(D)(2).

Page Two

On October 17th, 2002 petitioner filed pro se an amended motion to withdraw guilty plea and request for a new trial. That Motion was denied on October 17th, 2002. On December 30th, 2002 petitioner pursuant to Superior Court Rule 9D filed for reconsideration. Such a motion is a direct attack upon his sentence and conviction. That motion was denied on January 13th, 2003. On December 4th, 2005 petitioner filed a motion to the Superior Court for leave to file a late notice of appeal. That motion was denied on December 11th, 2003. An appeal is a collateral attack on his sentence as dictated in 28 U.S.C. §2244(d).

The one year statute of limitation began tolling from december 12th, 2003. The limitations would of expired on December 10th, 2004. Petitioner filed his habeas corpus on March 25th, 2004, well within the one year statute of limitations.

The petitioner in this case is a pro se litigant, un-learned and unversed in the law. Although he holds a high school diploma, he is not a college or law school graduate. Upon his conviction which have constitutional errors of epic proportions, while at MCI Concord filed a one page motion for a new trial and a revise and revoke, which were both denied in april of 1999. Petitioner filed a timely Appeal. Once he filed that notice petitioner was still attacking his sentence, and the one year statute of limitations was not taking effect yet. Once he filed that notice of appeal to both the Appeals Court and the Bristol Superior Court never contacted the petitioner in reference to his Appeal. Petitioner thought his appeal was denied.

Petitioner was unaware that his motion for leave that was filed on December 4th, 2003 to the Superior Court was the wrong court. Additionally back in April 8th, 1999 the non perfected appeal, was assumed denied. It is still possible to perfect that appeal. The petitioner should be given every

Page Three

opportunity to try and correct the deficiencies.

## II. EXHAUSTION OF STATE REMEDIES

This court should grant freely the opportunity to finish his exhaustion of his state remedies. Petitioners moves this Honorable Court to stay his Writ of Habeas Corpus and allow him to finish exhausting all his state remedies. The District Courts have stayed petitions before in order to allow the exhaution of state remedies, by seeking review of the states Appellate Court. See <u>Currie v. Matesanz</u>, 281 F.3d 261 (1st.Cir.2002)(The appellate procedures set forth under M.G.L.c. 278 §33E, would totally eviscerate the statute of limitations under section 2244(d)(1).

## CONCLUSION

For the reasons stated above, the petitioner opposes the magistrates report and recommendation to dismiss petition, and allow his motion to stay this Writ of Habeas Corpus and allow him to exhaust all available state remedies, and by doing so would suspend any statute of limitations and his petition for a Writ of Habeas Corpus would then be timely filed.

Respectfully Submitted
By The Defendant

_Solio Fernandez_
Solio Fernandez    pro se
MCI Norfolk
P.O.Box 43
Norfolk, Mass. 02056

date: January 20th, 2005