UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOLIO FERNANDEZ,<br><br>            Petitioner,<br><br>      v.<br><br>LUIS SPENCER,<br><br>            Respondent. | Civil Action No.<br>04-10589-NMG |

**MEMORANDUM AND ORDER**

**GORTON, J.**

Before this court is the pro se application of the petitioner, Solio Fernandez ("Fernandez") for the issuance of a Certificate of Appealability ("COA") with respect to the dismissal of his petition for a writ of habeas corpus.

I.  **Background**

   A.  **Factual and Procedural History**

   On April 16, 1998, a Bristol County, Massachusetts grand jury returned a three count indictment charging Fernandez with carjacking, robbery and assault and battery. Counsel was appointed to Fernandez and he subsequently pled guilty to all charges on September 28, 1998. He was sentenced on December 4, 1998, to concurrent state prison terms of 10 to 15 years for his

carjacking and robbery convictions.

On March 22, 1999, Fernandez moved 1) to withdraw his plea of guilty and 2) for a new trial based on the grounds raised in his habeas corpus petition, infra. That motion was denied by the trial court on March 30, 1999. On April 8, 1999, Fernandez filed a notice of appeal from the order denying his motion for a new trial but that appeal was not pursued.

Three and one half years later, on October 11, 2002, Fernandez filed a pro se amended motion to withdraw his guilty plea and for a new trial. That motion was denied by the Massachusetts Superior Court on October 17, 2002. Fernandez filed a motion for reconsideration on December 30, 2002, but that motion was denied on January 13, 2003. On December 4, 2003, Fernandez moved for leave to file a late notice of appeal from the denial of his amended motion to withdraw his guilty plea. That motion was denied on December 11, 2003.

Fernandez filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on March 26, 2004. In his petition, Fernandez alleges that 1) his plea of guilty was not given knowingly, intelligently, or voluntarily, 2) that he received ineffective assistance of counsel and 3) that he was the victim of judicial misconduct on the part of the trial judge. On January 13, 2005, Magistrate Judge Lawrence P. Cohen filed a Report and Recommendation ("R & R") that the petition be denied

as untimely under the statute of limitations or, alternatively, for failure to exhaust state court remedies.

Fernandez filed a Written Objection to the Report and Recommendation, along with a Motion to Stay Writ of Habeas Corpus Pending Exhaustion of State Remedies, on January 20, 2005. On February 3, 2005, this Court accepted and adopted the Report and Recommendation of Magistrate Judge Cohen and dismissed the petition. This Court has not yet ruled on the Motion to Stay. On February 28, 2005, Fernandez petitioned this Court for a COA with respect to its order dismissing his petition.

### B. Magistrate Judge Cohen's Report and Recommendation

#### 1. Statute of Limitations

Title 28 of the United States Code § 2241(d)(1) provides that, absent statutory or other tolling, a petition for habeas corpus must be filed within one year from the date on which the judgment being attacked became final. In this case, the judgment became final when Fernandez entered his plea of guilty on September 28, 1998. Under § 2244(d)(2), the statute of limitations is tolled while state post-conviction review or other collateral review with respect to the pertinent judgment is pending.

Fernandez filed his motion to withdraw his guilty plea on March 22, 1999, tolling the statute of limitations until March 30, 1999 when his motion was denied. Although Fernandez filed a

notice of appeal on April 8, 1999, he never pursued that appeal and Magistrate Judge Cohen found that, as a result, the statute of limitations resumed running on April 10, 1999, because Massachusetts law requires appeals from a denial of a motion to be filed within 10 days of the order denying the motion.

The statute of limitations was tolled once more when Fernandez filed his amended motion to withdraw his guilty plea on October 11, 2002. However, by that time, more than four years had elapsed under the statute of limitations. Moreover, an additional 326 days elapsed between the denial of Fernandez's motion to reconsider on January 13, 2003, and when he moved for leave to file a late notice of appeal on December 4, 2003. Another 108 days elapsed between the denial of Fernandez's motion for leave to file a late notice of appeal and his § 2254 petition for a writ of habeas corpus, filed on March 26, 2004.

Magistrate Judge Cohen also found that petitioner's abandoned notice of appeal, filed on April 8, 1999, did not indefinitely toll the statute of limitations. He found that more is required to establish the pendency of post-conviction or other collateral review within the scope of § 2244(d)(2). Accordingly, Magistrate Judge Cohen ruled that Fernandez's petition was barred by the statute of limitations.

    **2.    Failure to Exhaust State Remedies**

Apart from the issues presented by the statute of

limitations, Magistrate Judge Cohen recommended the dismissal of the petition because Fernandez failed to exhaust his state court remedies. First, Fernandez failed to pursue his original motion to withdraw his guilty plea beyond the trial court. Second, the amended motion to withdraw the guilty plea was never presented to any appellate court. Finally, Fernandez failed to pursue exhaustively his motion for leave to file a late notice of appeal with respect to the denial of his amended motion to withdraw his guilty plea. The motion itself was not presented to an appellate court but rather to the Superior Court and after it was denied, Fernandez did nothing.

None of the claims that were or could have been brought in the § 2254 petition has ever been presented to the highest court in the Commonwealth of Massachusetts. Accordingly, Magistrate Judge Cohen recommended dismissal of the petition pursuant to the provisions of 28 U.S.C. § 2254(b)(1)(A).

## II. Discussion

### A. Legal Standard

The standard for issuance of a COA varies in accordance with whether the petition was originally denied on substantive or procedural grounds. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). If the petition was denied on substantive grounds, "[a] petitioner must demonstrate that reasonable jurists would find

the district court's assessment of the constitutional claims debatable or wrong." Id. If the petition was denied on procedural grounds, a petitioner must show:

> that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether or not the district court was correct in its procedural ruling.

Id.

This Court denied Fernandez's petition on procedural grounds. The petition was dismissed because it was untimely, and because Fernandez failed to exhaust his state court remedies. Thus, issuance of a COA requires that jurists of reason would find to be at least debatable both 1) whether Fernandez has shown deprivation of a constitutional right and 2) whether the district court was correct in its procedural ruling. Id.

### B. Statute of Limitations

Reasonable jurists would not find this Court's procedural ruling on the petition incorrect or debatable. As noted in Magistrate Judge Cohen's R & R, the time limit imposed by the statute of limitations requires a petitioner to file his habeas corpus petition within one year from the date on which the judgment at issue became final. Fernandez filed his petition for habeas corpus on March 26, 2004, more than five years after the judgment of conviction became final on September 28, 1998. See Commonwealth v. Balliro, 437 Mass. 163, 166 (2002)(under Massachusetts law, a plea of guilty constitutes the judgment of

conviction).

In his Written Objections to Magistrate Judge Cohen's R & R, Fernandez asserts that the statute of limitations begins to run from the date of final adjudication of state post-conviction or other collateral review of the judgment of conviction. Thus, he suggests that the time allowed under the statute of limitations would "expire on until December 10, 2004 [sic]", because final adjudication of his motion to file a late notice of appeal did not take place until December 12, 2003.

Fernandez has misapplied the provisions of § 2244(d)(2) to his petition. Section 2244(d)(2) does not foreclose time from being counted towards the statute of limitations until the most recent post-conviction or collateral review has reached final adjudication. Rather, it permits the time that elapses during the pendency of such review to be excluded from computing the total time that has elapsed under the statute of limitations. Because more than four years of time has expired during which no post-conviction or collateral review was pending, Fernandez's petition was filed well outside the scope of the statute of limitations.

Fernandez's abandoned notice of appeal did not indefinitely toll the statute of limitations. As Magistrate Judge Cohen noted in his R & R, to find otherwise would totally eviscerate the statute of limitations under § 2241(d)(1) by allowing prisoners

to file a notice of appeal within the required time frame and then proceed to do nothing indefinitely.

Equitable tolling is likewise unavailable to Fernandez because he has not shown, nor even asserted, that he was "lulled into a false belief that he had more than the allotted time to file." Delaney v. Matesantz, 264 F.3d 7, 15 (1st Cir. 2001). His reference to his status as a pro se litigant is by itself insufficient to warrant equitable tolling, which is reserved for circumstances under which 1) petitioners are prevented through extraordinary circumstances from timely filing their petition and 2) the petitioner exercised reasonable due diligence. Id. Neither of those provisions applies to Fernandez.

### C. Failure to Exhaust State Remedies

It is well-settled that "a petitioner who is not actually in the legitimate process of appealing is not attempting to exhaust state court remedies." Currie v. Matesanz, 281 F.3d 261, 270 (1st Cir. 2002). Fernandez presented three separate motions to the Trial Court of Massachusetts addressing various issues surrounding his conviction but none of those issues ever reached any Massachusetts appellate court. Even when Fernandez filed a notice of appeal with respect to the denial of his motion to withdraw his plea of guilty, he failed to take any steps to bring that appeal forward for six years.

No claim raised by Fernandez in his petition has ever been

pursued beyond the trial court level in the courts of Massachusetts. The Supreme Court has held that state courts must have a "full" opportunity to address constitutional claims raised in petitions for a writ of habeas corpus. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, petitioners cannot simply abandon claims at the state trial court level without invoking a complete round of the established state appellate process. Id.

Reasonable jurists could not find this conclusion debatable. Hence, this Court did not reach the merits of the claims raised by Fernandez because it was justified in dismissing his petition on procedural grounds. He has failed to satisfy the requirements for the issuance of a COA.

### ORDER

For the foregoing reasons, the Petitioner's request for a Certificate of Appealability (Docket No. 15) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 21, 2006